**CHOU HUA CHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4761–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 20, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**162**

Karen Jaffe, New York, NY, for Petitioner.

Thomas P. Colantuona, United States Attorney for the District of New Hampshire, Aixa Maldonado–Quinones. Assistant United States Attorney, Concord, NH, for Respondent.

Present JOSEPH M. McLAUGHLIN, JOSE A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chou Hua Cheng, a native and citizen of China, seeks review of an August 26, 2004 order of the BIA affirming the April 28, 2003 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying petitioner's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Chou Hua Cheng,* No. A 75 795 669 (B.I.A. Aug. 26, 2004), *aff'g* No. A 75 795 669 (Immig.Ct.N.Y. City April 28, 2003).

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Cheng claimed that his expulsion from school, for continuing an intimate relationship after he and his girlfriend

were warned that they were not allowed to date, constituted persecution. The IJ reasonably determined that Cheng failed to demonstrate that he was mistreated in such a manner as to establish persecution. *See Kambolli v. Gonzales,* 449 F.3d 454, 457 (2d Cir.2006) (persecution does not encompass all treatment that society regards as unfair, unjust, or even unlawful or unconstitutional); *see also Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005).

█ The IJ also noted that a rule stating that children 14 or 15 years old can not date is not a violation of a political right. To establish eligibility for asylum, an applicant must show that he or she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). Cheng claimed that he was denied an education because of his failure to obey a school regulation that prohibited him from dating and that he was thus persecuted based on his political opinion. As an initial matter, Cheng's desire to have an intimate relationship at school does not constitute a political opinion, where the regulation prohibiting dating enacted by the school was generally applicable to all students and did not target any particular portion of the population. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). Further, the IJ's findings are supported by substantial evidence in the record.

A petitioner must raise issues to the agency in order to preserve them for judicial review. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). In his appeal to the BIA, Cheng failed to challenge the IJ's denial of his withholding of removal and CAT claims. Consequently, and because it does not appear that manifest injustice would result, this Court lacks jurisdiction to review these issues. *See Ivanishvili,* 433 F.3d at 343. We have considered petitioner's remaining claims and find them to be without merit. Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).